OPINION
Plaintiff-appellant the State of Ohio, ex rel. Betty D. Montgomery, Attorney General, ("the State") appeals the November 13, 2001 Entry of the Muskingum County Court of Common Pleas, which found defendants-appellees Clarence Goss, et al. to be in violation of the EPA provisions contained in R.C. Chapter 3745, and ordered appellees to remedy the situation in a manner different from the October 25, 1996 Final Findings and Orders issued by the Director of the Ohio Environmental Protection Agency.
 STATEMENT OF THE FACTS AND CASE
Between December, 1992, and December, 1994, the Ohio EPA sent appellees five Notice of Violation letters relative to the disposal of waste tires at appellees' property on Baughman Run Road, in Muskingum County, Ohio.[1] On October 28, 1996, as a result of appellees' failure to respond to the final Notice of Violation, the Director of the Ohio EPA issued Final Findings and Orders ("DFFO"). The Director found appellees caused open dumping on the Baughman Run Road property, in violation of R.C.3734.03 and Ohio Adm. 3745-27-05(C). The Director ordered appellees to: 1) immediately cease open dumping of scrap tires and other solid wastes at the property; 2) within 180 days, excavate all tires and either remove them or properly dispose of them at a licensed facility, or properly store and manage all tires remaining at the property in accordance with OAC Rule 3745-27-60; 3) within 180 days, submit an application for a scrap tire facility license or a permit; and 4) within 210 days, document the sale, transportation, and disposal of any tires currently located at the property.
Appellees appealed the DFFO to the Ohio Environmental Review Appeals Commission. Following a full hearing, the Commission affirmed the DFFO. Appellees filed a Notice of Appeal to this Court pursuant to R.C. 3745.06. Via Memorandum of Opinion and Judgment Entry, this Court affirmed the Commission's upholding of the DFFOs. Goss Realty Co., et al. v. DonaldSchregardus, Director of Environ. Protection (Aug. 26, 1999), Muskingum 5th App. No. CT98-0036, unreported.
On April 28, 2000, the State filed a Complaint against appellees in the Muskingum County Court of Common Pleas, seeking permanent injunction, nuisance abatement, damages, and other relief based upon appellees' failure to comply with R.C. 3734.05, Ohio Adm. 3745-27-05, and the DFFO. The parties filed respective motions for summary judgment. Via Entry filed October 18, 2001, the trial court found appellees in violation of Ohio EPA laws relative to the tires on the property, which were located above the ground. With respect to the buried tires on the property, the trial court scheduled the matter for bench trial. Following a four day bench trial, the trial court found appellees in violation of Ohio EPA laws. The trial court fashioned a remedy which the State contends is contrary to Ohio's environmental statutes and regulations, and which does not enforce the DFFO. The trial court memorialized its rulings via Entry filed November 13, 2001.
It is from this entry the State appeals, raising the following assignments of error:
 I. THE REMEDY FASHIONED BY THE TRIAL COURT IS CONTRARY TO LAW.
 II. THE TRIAL COURT ERRED IN NOT IMPOSING STRICT LIABILITY UPON FINDING VIOLATIONS OF R.C. CHAPTER 3734 AND THE DIRECTOR'S FINAL FINDINGS AND ORDERS ISSUED PURSUANT TO THAT CHAPTER.
 III. THE TRAIL COURT ERRED TO THE PREJUDICE OF THE STATE BY FAILING TO FIND THAT DEFENDANTS WERE BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL FROM ARGUING THAT THEY JUSTIFIABLY RELIED ON THE ORDER FROM THE OHIO DEPARTMENT OF NATURAL RESOURCES ("RBR ORDER").
 IV. THE TRIAL COURT ERRED IN ESTOPPING THE STATE FROM ENFORCING OHIO'S SOLID WASTE LAWS BECAUSE THE PRINCIPLE OF ESTOPPEL DOES NOT APPLY AGAINST A STATE OR ITS AGENCIES IN THE EXERCISE OF A GOVERNMENTAL FUNCTION.
 V. THE TRIAL COURT ERRED IN ESTOPPING THE STATE FROM EXERCISING ITS STATUTORY AUTHORITY TO SEEK REMOVAL COSTS IN THE FUTURE.
 III
Because we find our disposition of the State's third assignment of error to be dispositive of this appeal, we shall address said assignment of error first. In its third assignment of error, the State contends the trial court erred in failing to find appellees were barred by the doctrine of collateral estoppel from arguing justifiable reliance upon the 1975 Decision of the Ohio Department of Natural Resources, Reclamation Board of Review. We agree.
Our first opinion specifically states:
 Appellant argues that the Director is estopped from enforcing the scrap tire regulations, as the Bureau of Mining Reclamation told them in 1975 that he was permitted to bury the tires. As a general rule, the principle of estoppel does not apply against a state or its agencies in the exercise of a governmental function. Ohio State Board of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143, 146. If a government agency is not permitted to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of all citizens in obedience to the rule of law is undermined. Id., citing Heckler v. Community Health Services (1984), 467 U.S. 51, 59. Therefore, estoppel cannot be used to uphold actions that are in violation of law. Id.
 In the instant case, appellants are improperly attempting to use estoppel to deprive the state of the right to enforce the environmental laws of the state. The Ohio EPA is not estopped from forcing appellants to comply with the scrap tire regulations by the 1975 Bureau of Reclamation decision, even assuming arguendo
that such a decision expressly permitted appellant to bury the tires.
The second assignment of error is overruled.
* * *
 Appellants argue that the EPA did not have jurisdiction over the tires and/or location of the tires, as the Bureau of Mining Reclamation had previously exercised such jurisdiction. Appellant cites State ex rel. Ferris v. Shaver (1955), 163 Ohio St. 325, for the proposition that where two different agencies have authority over the same subject matter, exclusive authority rests with the agency that acts first.
 In the instant case, the Commission properly concluded that the 1975 RBR decision stated that the Department of Natural Resources did not have authority under the reclamation clause to require appellants to remove the scrap tires from the site. However, the EPA does have such authority pursuant to statute.
 Further, when the Reclamation Board of Review vacated Order No. 1055 concerning removal of the tires, the bond on the reclamation license was released, and the reclamation was deemed completed. Therefore, the Ohio Department of Natural Resources did not exercise jurisdiction over the former strip mines after 1975.
The third assignment of error is overruled.
Goss Realty Co. v. Schregardus, supra at 11-12.
Appellees did not take further appeal from this decision; therefore, applying res judicata principles, that decision became law of the case. As such, we find appellees are barred from reasserting the State is estopped from enforcing EPA laws because of the 1975 Reclamation Board of Review Order. We further find the trial court erred in utilizing said order as justification for not enforcing the DFFO.
Accordingly, we reverse and remand the matter to the trial court to issue a permanent injunction and access all statutory damages and penalties pursuant to R.C. 3734.10 and R.C. 3734.13.
The State's third assignment of error is sustained.
 I, II, IV, V
In light of our disposition of the State's third assignment of error, we find it unnecessary to address the State's remaining assignments of error.
The judgment of the Muskingum County Court of Common Pleas is reversed and the matter remanded for further proceedings in accordance with this opinion and the law.
By: HOFFMAN, P.J. GWIN, J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court of Common Pleas is reversed and the matter remanded for further proceedings in accordance with our opinion and the law. Costs assessed to appellant.
[1] For a full history of appellees' ownership of the property and the Ohio EPA's involvement, see Gross Realty Co., et al. v DonaldSchregardus, infra.